# EXHIBIT 1

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JAMES RAMSEY,

      *Plaintiff*,

      vs.

MIDLAND CREDIT MANAGEMENT, INC.,

      *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-21-003772

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
James Ramsey

Counsel of Record for this Party:

**J.P WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| Telephone: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | JWard@JPWard.com |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2021, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JAMES RAMSEY,                                    CIVIL DIVISION

      *Plaintiff*,                              **ELECTRONICALLY FILED**

      vs.                                         Case No. GD-21-003772

MIDLAND CREDIT MANAGEMENT, INC.,

      *Defendant*.

## COMPLAINT

AND NOW, comes Plaintiff, James Ramsey, by and through the undersigned counsel, J.P Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Credit Management, Inc., of which the following is a statement:

## PARTIES

1.    Plaintiff, James Ramsey (hereinafter "James Ramsey"), is an adult individual who currently resides at 303 Norwood Drive, Beaver Falls, Pennsylvania 15010.

2.    Defendant, Midland Credit Management, Inc., (hereinafter "Midland Credit Management"), is a corporation with its principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692, *et seq.* (hereinafter, the "FDCPA").

4.    Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

5.      On December 17, 2019, Midland Credit Management, filed a Civil Complaint against James Ramsey in Magisterial District Court at Docket Number: MJ-36302-CV-0000143-2019. A true and correct of the Magisterial District Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      In response to the aforesaid lawsuit, James Ramsey engaged The Law Firm of Fenters Ward for representation.

7.      On March 9, 2020, The Law Firm of Fenters Ward served Midland Credit Management with a letter (hereinafter, the "First Dispute Letter") wherein Midland Credit Management was informed of the disputed nature of any and all alleged debts and that James Ramsey was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.      This First Dispute Letter stated that James Ramsey "denie[d] owing Midland Credit Management, Inc. any amount of money" and informed Midland Credit Management, Inc. that James Ramsey disputed any and all "Debts" Midland Credit Management claimed to possess. See Exhibit "B".

9.      "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Credit Management] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10.     Within the letter, Midland Credit Management was directed to cease and desist from contacting James Ramsey directly. See Exhibit "B".

3

11.     On March 9, 2020, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on James Ramsey's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

12.     On or about April 15, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. A true and correct copy of the collection letter is attached hereto, made a part hereof, and marked as Exhibit "D".

13.     On or about May 27, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to communicate about the collection of an alleged debt. See Exhibit "D".

14.     On or about August 19, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

15.     On or about September 30, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

16.     On or about December 28, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

17.     On or about February 9, 2021, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

18.     On or about May 5, 2021, Midland Credit Management once again mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

19.     Midland Credit Management communicated with James Ramsey despite the March 9, 2020 First Dispute Letter specifically delineating James Ramsey's representation by The Law

Firm of Fenters Ward and its direction to cease and desist any further communication with James Ramsey as it relates to the collection "Debts[.]" See Exhibit "B".

20.     Midland Credit Management was aware of James Ramsey's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Credit Management and by the Magisterial District court proceedings. See Exhibits "A" and "B".

21.     Midland Credit Management failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to James Ramsey. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Credit Management.

22.     The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Credit Management or its agents or legal representatives.

23.     Midland Credit Management violated 15 U.S.C.A. § 1692c(a)(2) when it communicated directly with James Ramsey, in an attempt to collect an alleged debt, despite its knowledge of James Ramsey's representation by The Law Firm of Fenters Ward.

**COUNT I**
**VIOLATION OF THE FDCPA, 15 U.S.C.A. § 1692, et seq.**

24.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

25.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

26.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

27.     James Ramsey is a "consumer" as defined by § 1692a(3) of the FDCPA.

28.     Midland Credit Management is a "debt collector" as defined by § 1692a(6) of the FDCPA.

29.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5).

30.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

31.     Section 1692c(a)(2) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C.A. § 1692c(a)(2)

32.     On March 9, 2020, The Law Firm of Fenters Ward served Midland Credit Management with the First Dispute Letter informing Midland Credit Management of its representation of James Ramsey. See Exhibit "B".

6

33.     The First Dispute Letter specifically delineated that Midland Credit Management was to "cease and desist any further communications with my client [James Ramsey] as it relates to the collection of 'Debts.'" See Exhibit "B".

34.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Credit Management] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter." See Exhibit "B".

35.     On March 9, 2020, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend Notice on James Ramsey's behalf. See Exhibit "C".

36.     On or about April 15, 2020, Midland Credit Management mailed James Ramsey documentation relating to the collection of the alleged debt. See Exhibit "D".

37.     On or about May 27, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt.  See Exhibit "D".

38.     On or about August 19, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

39.     On or about September 30, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

40.     On or about December 28, 2020, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

41.     On or about February 9, 2021, Midland Credit Management mailed documentation to James Ramsey in an attempt to collect upon an alleged debt. See Exhibit "D".

42.     On or about May 5, 2021, Midland Credit Management once again mailed documentation to James Ramsey in an attempt to collect upon an alleged debt.  See Exhibit "D".

7

43.     Midland Credit Management possessed knowledge of James Ramsey's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Credit Management. See Exhibit "B".

44.     Midland Credit Management, additionally, possessed knowledge of James Ramsey's representation by The Law Firm of Fenters Ward from the Magisterial District Court proceedings and the related Magisterial documents. See Exhibit "A".

45.     Midland Credit Management possessed knowledge of the name and address of The Law Firm of Fenters Ward through the First Dispute Letter and the Magisterial Court proceedings. See Exhibits "A" and "B".

46.     Alternatively, Midland Credit Management could have readily ascertained the name and address of The Law Firm of Fenters Ward from either reviewing the First Dispute Letter or from reviewing the Magisterial Court docket or related documents produced by the Magisterial Court proceedings. See Exhibits "A" and "B".

47.     Midland Credit Management failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to James Ramsey. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Credit Management.

48.     The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Credit Management or its agents or legal representatives.

49.     A court of competent jurisdiction did not provide Midland Credit Management with the express permission to communicate with James Ramsey.

8

50.     Midland Credit Management therefore violated 15 U.S.C.A. § 1692c(a)(2) when it communicated directly with James Ramsey despite its knowledge of James Ramsey's representation by The Law Firm of Fenters Ward.

51.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

52.     Here, the only natural consequence of Midland Credit Management's acts of communicating directly with James Ramsey was to harass, oppress, and abuse James Ramsey.

53.     As such, Midland Credit Management's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

54.     Section 1692k(a) of the FDCPA provides, in relevant part:

...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

55.     As a direct and proximate result of Midland Credit Management's violations of the FDCPA, as set forth above, James Ramsey has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, James Ramsey, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Credit Management, Inc., and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and

9

attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: June 22, 2021                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

10

# EXHIBIT A

## Magisterial District Judge 36-3-02

### DOCKET



Docket Number: MJ-36302-CV-0000143-2019

# Civil Docket



Midland Credit Management, Inc.

v.

James  Ramsey

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge C. Douglas Loughner | File Date: | 12/17/2019 |
| Claim Amount: | $1,721.79 | Case Status: | Active |
| Judgment Amount: | | County: | Beaver |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 01/16/2020 | 2:00 pm | Courtroom: MDJ-36-3-02 | Magisterial District Judge C. Douglas Loughner | Continued |
| Civil Action Hearing | 03/04/2020 | 2:15 pm | Courtroom: MDJ-36-3-02 | Magisterial District Judge C. Douglas Loughner | Continued |
| Civil Action Hearing | 03/26/2020 | 2:15 pm | Courtroom: MDJ-36-3-02 | Magisterial District Judge C. Douglas Loughner | Continued |
| Civil Action Hearing | 05/12/2020 | 2:00 pm | Courtroom: MDJ-36-3-02 | Magisterial District Judge C. Douglas Loughner | Continued |
| Civil Action Hearing | 06/03/2020 | 2:05 pm | Courtroom: MDJ-36-3-02 | Magisterial District Judge C. Douglas Loughner | Scheduled |

### CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Ramsey, James | Beaver Falls, PA 15010 |
| Plaintiff | Midland Credit Management, Inc. | Philadelphia, PA 19113 |

### DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| | | | | |

MDJS 1200

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 36-3-02

## DOCKET



Docket Number: MJ-36302-CV-0000143-2019

**Civil Docket**



Midland Credit Management, Inc.

v.

James  Ramsey

Page 2 of 2

## ATTORNEY INFORMATION

| Private | Private |
|---|---|
| Name:  Joshua Paul Ward, Esq. | Name:  Daniel Joseph Santucci, Esq. |
| Representing:  Ramsey, James | Representing:  Midland Credit Management, Inc. |
| Counsel Status:  Active - Entry of Appearance | Counsel Status:  Active - Entry of Appearance |
| Supreme Court No.:  320347 | Supreme Court No.:  092800 |
| Phone No.:  724-504-2702 | Phone No.:  866-300-8750 |
| Address:      The Law Firm Of Fenters Ward | Address:      Midland Credit Management, Inc. |
|                    201 S Highland Ave Ste 201 |                    1 International Plaza |
|                    Pittsburgh, PA  15206 |                    5th Floor |
| Entry of Appearance Filed Dt:  03/09/2020 |                    Philadelphia, PA  19113 |
| Withdrawal of Entry of Appearance Filed Dt: | Entry of Appearance Filed Dt:  12/17/2019 |
|  | Withdrawal of Entry of Appearance Filed Dt: |

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 03/09/2020 | Intent to Defend Filed | James Ramsey | James Ramsey, Defendant |
| 03/09/2020 | Entry of Appearance Filed | Joshua Paul Ward, Esq. | James Ramsey, Defendant |
| 03/09/2020 | Civil Complaint Successfully Served | Magisterial District Court 36-3-02 | James Ramsey, Defendant |
| 02/10/2020 | Civil Complaint Issued via Hand Delivery | Magisterial District Court 36-3-02 | James Ramsey, Defendant |
| 01/24/2020 | Certified Civil Complaint Unclaimed | Magisterial District Court 36-3-02 | James Ramsey, Defendant |
| 12/17/2019 | Certified Civil Complaint Issued | Magisterial District Court 36-3-02 | James Ramsey, Defendant |
| 12/17/2019 | Entry of Appearance Filed | Daniel Joseph Santucci, Esq. | Midland Credit Management, Inc., Plaintiff |
| 12/17/2019 | Civil Complaint Filed | Midland Credit Management, Inc. |  |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B



THE LAW FIRM OF
## FENTERS WARD
A I M   T O   W I N

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399    FAX

March 9, 2020

Midland Credit Management, Inc.,
c/o Daniel Joseph Santucci, Esq.
1 International Plaza 5th FL
Philadelphia, PA 19113

**Sent via U.S. Mail**

| Re: | Our Client: | James Ramsey |
| --- | --- | --- |
| | Docket Number: | MJ-36302-CV-0000143-2019 |
| | Account #'s: | XXX |

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **James Ramsey** with a current address of **303 Norwood Dr., Beaver Falls, PA 15010**. My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts"). Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies. My client denies owing **Midland Credit** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. *Midland Credit* method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where *Midland Credit* offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

*/s/ Joshua P. Ward, Esq.*

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc:  James Ramsey

**UNITED STATES POSTAL SERVICE ®**

**Firm Mailing Book For Accountable Mail**

Name and Address of Sender

The Law Firm of Fenters Ward
201 South Highland Ave.
Suite 201
Pittsburgh, PA 15206

Check type of mail or service

☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery (COD)
☐ Insured Mail
☐ Priority Mail
☐ Priority Mail Express
☐ Registered Mail
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Affix Stamp Here
(for additional copies of this receipt).
Postmark with Date of Receipt.

USPS Tracking/Article Number

Addressee (Name, Street, City, State, & ZIP Code™)

| | Postage | (Extra Service) Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | RD Fee | RR Fee | SC Fee | SCRD Fee | SH Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2. James Ramsey CV-143-19 Intent to Defend Entry of Appearance 1st Dispute Letter | | | | | | | | | | | | | |

Parsippany, NJ 07054
Midland Precllt Management
c/o Daniel J. Santucci,
International Plaza, 5th Fl
Philadelphia PA 19113

8.

Total Number of Pieces Listed by Sender: 1 X
Total Number of Pieces Received at Post Office:

Postmaster, Per (Name of receiving employee)

PS Form 3877, January 2017 (Page 1 of 2)
PSN 7530-02-000-9098

Complete in Ink

Privacy Notice: For more information on USPS privacy policies, visit usps.com/privacypolicy.

# EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Beaver



# ENTRY OF APPEARANCE
# PURSUANT TO PARCPMDJ
# 207.1(A)

Mag. Dist. No: 36-3-02
MDJ Name: Honorable C. Douglas Loughner
Address: 19 Cessna Drive
Beaver Falls, PA 15010
Telephone: (724) 770-2003

<u>Midland Credit</u>
v.

<u>James Ramsey</u>

Docket No: CV-143-2019
Case Filed: 12/17/19

## TO THE MAGISTERIAL DISTRICT COURT:

Please enter my appearance on behalf of ___defendant James Ramsey___
In the above captioned matter.

Attorney Name: ___Joshua P. Ward___

Supreme Court of Pennsylvania Attorney Identification Number: ___320347___

Firm Name: ___The Law Firm of Fenters Ward___

Address: ___201 South Highland Avenue, Suite 201___

City, ST, Zip: ___Pittsburgh, Pennsylvania 15206___

Telephone Number: ___(412) 545-3016___

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Joshua P. Ward*                          03/09/20
**Signature of Applicant**                   **Date**

**FREE INTERPRETER**
www.pacourts.us/language-rights



THE LAW FIRM OF
**FENTERS WARD**
A I M   T O   W I N

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

412-545-3016 OFFICE
412-540-3399    FAX

March 9, 2020

Magisterial District Number: 36-3-02

Honorable C. Douglas Loughner

19 Cessna Drive

Beaver Falls, PA 15010

Phone: 724-770-2003

**Sent via:** Fax 724-843-1322

**RE:**    **CV-143-2019. Midland Credit Management, Inc. v James Ramsey**

### INTENT TO DEFEND NOTICE:

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Joshual P Ward*

Joshua P. Ward, Esquire
PA Bar Number:   320347
Email: JWard@FentersWard.Com
Direct Dial: 1 (412) 545-3015

JPW/slk
Cc:  James Ramsey

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2021, a true and correct copy of the foregoing Complaint

in Civil Action was served via first class mail upon the following:

Midland Credit Management, Inc.
350 Camino De La Reina
San Diego, CA 92108

Respectfully Submitted,

**J. P. WARD & ASSOCIATES, LLC**

Date: June 22, 2021                 By:

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

12

**CONFIDENTIAL
DOCUMENT FORM**



*Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*
204 Pa. Code § 213.81
www.pacourts.us/public-records

JAMES RAMSEY                                    GD-21-003772
(Party name as displayed in case caption)      Docket/Case No.

            Vs.

MIDLAND CREDIT MANAGEMENT, INC.                 Common Pleas Allegheny
(Party name as displayed in case caption)       Court

This form is associated with the pleading titled COMPLAINT , dated June 22 , 2021 .

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached shall not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case.** Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| ☒ Financial Source Documents | |
| ☐ Tax Returns and schedules | |
| ☐ W-2 forms and schedules including 1099 forms or similar documents | |
| ☐ Wage stubs, earning statements, or other similar documents | |
| ☒ Credit card statements | Exhibit D |
| ☒ Financial institution statements (e.g., investment/bank statements) | Exhibit D |
| ☐ Check registers | |
| ☐ Checks or equivalent | |
| ☐ Loan application documents | |
| ☐ Minors' educational records | |
| ☐ Medical/Psychological records | |
| ☐ Children and Youth Services' records | |
| ☐ Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| ☐ Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| ☐ Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Joshua P. Ward*                            06/22/21
Signature of Attorney or Unrepresented Party    Date

Name: Joshua P. Ward                            Attorney Number: (if applicable) 320347

Address: 201 South Highland Avenue, Suite 201   Telephone: (412) 545-3015

         Pittsburgh, PA 15206                   Email: jward@jpward.com

Rev. 7/2018

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JAMES RAMSEY,

CIVIL DIVISION

*Plaintiff*,

**ELECTRONICALLY FILED**

vs.

Case No. GD-21-003772

MIDLAND CREDIT MANAGEMENT, INC.,

*Defendant*.

**CONFIDENTIAL EXHIBIT TO COMPLAINT IN CIVIL ACTION EXHIBIT D**

Filed on Behalf of Plaintiff:
James Ramsey

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | jward@jpward.com |

# EXHIBIT D



quadient
FIRST-CLASS MAIL
$002.00
06/22/2021 ZIP 15206
043M31217099
US POSTAGE

**FIRST CLASS MAIL**

06/28/21 01:34:35-P



J.P. WARD & ASSOCIATES, LLC

201 SOUTH HIGHLAND AVE, SUITE 201, PITTSBURGH, PA 15206

**Midland Credit Management, Inc.**
**350 Camino De La Reina**
**San Diego, California 92108**